1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

GRICELDA BECERRA,

                              Plaintiff,

          v.

NEWPARK MALL DENTAL GROUP, et al.,

                              Defendants.

_____/

No. C 12-01325 LB

**ORDER GRANTING DEFENDANTS'
MOTION TO STAY**

[Re: ECF No. 7]

## I.  INTRODUCTION

On March 16, 2012, Plaintiff Gricelda Becerra filed a complaint against Defendants Newpark

Mall Dental Group ("Newpark Mall Dental") and Roger Chang (collectively, "Defendants"),

alleging wrongful discharge, failure to provide plan information and breach of fiduciary duty.

Complaint, ECF No. 1.  On June 11, 2012, Defendants filed a motion to stay the action and compel

arbitration based on an arbitration clause in the underlying employment contract between Ms.

Becerra and Defendants.  Motion to Stay, ECF No. 7.  Upon consideration of the papers submitted

and the applicable authority, the court **GRANTS** Defendants' motion, **ORDERS** the parties to

engage in arbitration, and **STAYS** this case pending the parties' completion of it.

## II.  BACKGROUND

Ms. Becerra was Defendants' employee, and she participated in an employee benefit plan (the

"Plan") that is regulated by the Employee Retirement Income Security Act ("ERISA"), Pub. L. No.

UNITED STATES DISTRICT COURT
For the Northern District of California

93-406 (codified in part at 29 U.S.C. § 1002 *et seq.*).  Complaint, ECF No. 1 at 3, ¶ 10.[1]  Under the terms of the Plan, she was entitled to receive information about her vested interest in the Plan.  *Id*. at 3, ¶ 11.  On numerous occasions, she requested information about the Plan, but her requests were denied.  *Id*. at 3, ¶ 12.  Finally, on January 11, 2011, shortly after she requested information about profit-sharing under the Plan and discussed compensation issues with fellow employees, Defendants terminated her.  *Id*. at 3, ¶ 13.  Ms. Becerra alleges that Defendants discharged her to prevent her from receiving information about her retirement benefits under the Plan.  *Id*. at 3, ¶ 14.

On March 16, 2012, Ms. Becerra filed the instant lawsuit against Defendants.  *See generally id*.  She alleges three causes of action: (1) for wrongful discharge in violation of ERISA § 510, 29 U.S.C. § 1140; (2) for failure to provide her with information about the Plan in violation of ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B); and (3) for breach of fiduciary duty.  *Id*. at 3-5, ¶¶ 10-30.

Defendants move for an order requiring the parties to engage in arbitration and staying the action while they are so engaged.  Motion to Stay, ECF No. 7.  They argue that Ms. Becerra entered into an arbitration agreement (the "Arbitration Agreement") when she started her employment and that this dispute falls within it.  *See generally id*.  Ms. Becerra opposes the motion.  Opposition, ECF No. 15.  The court heard oral argument from the parties on July 19, 2012.

### III.  LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract."  9 U.S.C. § 2; *see AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740, 1746 (2011).  Section 4 of the FAA permits a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement."  9 U.S.C. § 4.  If the court is satisfied "that the making of the

---

[1] In her complaint, Ms. Becerra alleges that she was an employee of "Defendant," singular, but she does not specify whether she means Newpark Mall Dental or Mr. Chang.  *See* Complaint, ECF No. 1 at 3, ¶ 10.  She later refers to "Defendants," plural, when she describes the parties who allegedly violated the law when they allegedly terminated her wrongfully.  *See id*. at 3, ¶¶ 15-16.  In light of this discrepancy, the court will refer to Defendants, plural, as Ms. Becerra's employers.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    arbitration agreement or the failure to comply with the agreement is not in issue, the court shall

2    make an order directing the parties to proceed to arbitration in accordance with the terms of the

3    agreement.  *Id.*

4        The FAA reflects "both a 'liberal federal policy favoring arbitration,' and the 'fundamental

5    principle that arbitration is a matter of contract.'"  *Concepcion*, 131 S.Ct. at 1745 (2011) (quoting

6    *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) and

7    *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2776 (2010)).  "In line with these principles,

8    courts must place arbitration agreements on an equal footing with other contracts, and enforce them

9    according to their terms.  *Id.* at 1745-46 (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S.

10   440, 443 (2006) and *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior

11   Univ.*, 489 U.S. 468, 478 (1989)).  Nonetheless, when a question arises as to whether "a particular

12   party is bound by the arbitration agreement," "the liberal federal policy regarding the scope of

13   arbitrable issues is inapposite."  *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006)

14   (emphasis in original; citation omitted).

15                                             **IV.  DISCUSSION**

16       Ms. Becerra opposes Defendants' motion on two grounds.  First, she takes issue with the

17   presentation of the motion.  Opposition, ECF No. 15 at 3.  She notes that Defendants' amended

18   notice of motion seeks "an order staying this action until arbitration has been had in accordance with

19   the terms of a written agreement . . . by and between Defendants and [Ms. Becerra]."  *Id.* (quoting

20   Amended Notice of Motion, ECF No. 13 at 1-2).  She then argues that Defendants fails "to actually

21   request that arbitration be compelled" and that "[w]ithout an order compelling arbitration, there is no

22   basis for ordering a stay."  *Id.*

23       Ms. Becerra's argument elevates form over substance.  Upon review of Defendants' notice of

24   motion and the memorandum in support of it, there is no doubt that they are asking the court to

25   compel arbitration and to stay this action.  For example, while Defendants' notice of motion does not

26   use the word "compel," Defendants state that their motion "will be made on the grounds that

27   Arbitration Agreement requires the claims contained in [Ms. Becerra's] Complaint to be submitted

28   to binding arbitration."  *Id.* at 2.  And in their memorandum in support of their motion, Defendants

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   "request that this Court enter an order staying this action and ordering the parties to submit the

2   claims to arbitration . . . ."  Motion to Stay, ECF No. 7 at 2.  Such language is sufficient to put Ms.

3   Becerra and the court on notice that she asks the court to require, or compel, the parties to engage in

4   arbitration and the stay this action in the meantime.  The court therefore rejects Ms. Becerra's

5   attempt to attack Defendants' motion on this procedural ground.

6       Second, Ms. Becerra argues that Defendants have not provided admissible evidence to support

7   their claim that Defendants and Ms. Becerra entered into an agreement to arbitrate.  Opposition,

8   ECF No. 15 at 3.  She argues that Defendants instead have provided only "an unauthenticated

9   purported agreement between [Ms. Becerra][2] and [Newpark Mall Dental], dated November 17, 2003,

10  as part of the Declaration of Roger Chang," and that Ms. Chang "fails to provide any evidence of the

11  basis of his knowledge about the purported agreement and fails to state how he knows that [Ms.

12  Becerra] signed the agreement."  *Id.*  "The declaration," Ms. Becerra argues, "is insufficient

13  authentication of the purported agreement and inadmissible hearsay."  *Id.*

14      It is correct that it is not enough for Dr. Chang to state that he has personal knowledge of the

15  facts stated.  *See* Fed. R. Evid. 602; *U.S. v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999); *see also*

16  Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure before Trial, §

17  12:59 (The Rutter Group 2012).  "Evidence to prove personal knowledge may consist of the

18  witness's own testimony," Fed. R. Evid. 602, but that testimony must contain facts showing the

19  witness's connection to the matters stated, *see U.S. v. Shumway*, 199 F.3d 1093, 1104 (9th Cir.

20  1999).  *See also* Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil

21  Procedure before Trial, § 12:59 (The Rutter Group 2012).

22      Here, Mr. Chang's declaration, signed under penalty of perjury, is sufficient.  *See* Chang

23  Declaration, ECF No. 8 at 3.  He states "[o]n or about November 12, 2003, [Ms. Becerra] was given

24  [the Arbitration Agreement] to review and sign.  A true and accurate copy of the [Arbitration

25  Agreement] is attached hereto as Exhibit A.  Prior to [Ms. Becerra] signing and entering into the

26

27      [2] The court notes that the arbitration agreement submitted by Defendants is signed by

28  "Gricelda Rodriguez de Correa," not "Gricelda Becerra."  To clear up the confusion, after the July
    19, 2012 hearing, Ms. Becerra stipulated that she signed the arbitration agreement under the name
    "Gricelda Rodriguez de Correa" on November 17, 2003.  Stipulation, ECF No. 19.

[Arbitration Agreement], [Ms. Becerra] was given the opportunity to take it home to review it and/or consult with her own legal counsel if she chose to do so." *Id.*  He also states that "the [Arbitration Agreement] is provided to all employees to review and sign in relation to their employment with my dental practice. [Ms. Becerra] entered into and signed [the Arbitration Agreement] with myself and [Newpark Mall Dental] on or about November 17, 2003. [Ms. Becerra had approximately five days to review the [Arbitration Agreement] before she signed it." *Id.*  Mr. Chang does not state that he saw Ms. Becerra physically sign the Arbitration Agreement, but he need not do so.  This is not a case where Ms. Becerra contends that the Arbitration Agreement is fake, or that she never signed the Arbitration Agreement, or that it is not her signature that is on it.  *See generally* Opposition, ECF No. 16.  Instead, she merely argues that Mr. Chang has not supported his declaration with sufficient facts.  Simply put, in this situation, the court disagrees.

### V. CONCLUSION

For the reasons stated above, the court **GRANTS** Defendants' motion, **ORDERS** the parties to engage in arbitration, and **STAYS** this case pending the parties' completion of it.  The court **FURTHER ORDERS** the parties to submit to the court a status update no later than 30 days after a final ruling by the arbitrator is issued.

**IT IS SO ORDERED.**

Dated: July 23, 2012

_____
LAUREL BEELER
United States Magistrate Judge